1
2
3
4
5
6
7
8
9
10   **UNITED STATES DISTRICT COURT**
11   **SOUTHERN DISTRICT OF CALIFORNIA**
12

| | |
|---|---|
| JUDY LANE, *ET AL.,* | Case No.  14-cv-01367-BAS(WVG) |
| Plaintiffs, | **ORDER GRANTING DEFENDANT'S MOTION TO DISMISS** |
| v. | |
| SUNTRUST MORTGAGE, INC., | (ECF No. 5) |
| Defendant. | |

Plaintiffs Judy Lane and Pepper Lane (collectively "Plaintiffs") commenced this action on May 5, 2014 by filing a complaint in San Diego Superior Court alleging Defendant Suntrust Mortgage, Inc. ("Defendant") violated the California Homeowner's Bill of Rights and California's Unfair Competition Law ("UCL"), California Business and Professions Code §§ 17200, *et seq.*, and seeking declaratory and injunctive relief.  Defendant removed this action to federal court on June 4, 2014 on the basis of diversity jurisdiction pursuant to 28 U.S.C. § 1332. Defendant now moves to dismiss the Complaint in its entirety pursuant to Federal

1  Rule of Procedure 12(b)(6).

2  The Court finds this motion suitable for determination on the papers

3  submitted and without oral argument.  *See* Civ. L.R. 7.1(d)(1).  For the reasons set

4  forth below, this Court **GRANTS** Defendant's motion to dismiss.

5  **I.      BACKGROUND**

6  Plaintiffs fell behind in their mortgage payments on the subject property.[1]

7  (ECF No. 1-1 ("Compl." at ¶ 8).  They "made multiple attempts to secure a loan

8  modification [from Defendant] in or about the following dates: February 2013;

9  August 16, 2013" and November 7, 2013.  (*Id*. at ¶¶ 31, 35.)  "Defendant denied

10 Plaintiffs a loan modification after each attempt."  (*Id*. at ¶ 37.)  On or about

11 January 14, 2014, Defendant recorded a Notice of Default.  (*Id*. at ¶ 33.)  On or

12 about January 16, 2014, Plaintiffs received a Notice of Trustee Sale, recorded on

13 April 17, 2014, with a sale date set for May 8, 2014.  (*Id*. at ¶ 34.)  Throughout the

14 proceedings, Plaintiffs dealt with Defendant's employee, Marilyn Young.  (*Id*. at ¶¶

15 17, 21, 35, Exhs. B, C and H.)  Ms. Young was designated as Defendant's "point of

16 contact."  (*Id*.)  "Independent review shows that Plaintiffs qualified for a loan

17 modification." (*Id*. at ¶ 38.)

18 **II.     STATEMENT OF LAW**

19 A motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil

20 Procedure tests the legal sufficiency of the claims asserted in the complaint.  Fed. R.

21 Civ. P. 12(b)(6); *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001).  The court

22 must accept all allegations of material fact pleaded in the complaint as true and

23 must construe them and draw all reasonable inferences from them in favor of the

24

25 [1]    There appears to be some confusion about the "subject property" at

26 issue.  The Complaint initially states that the "subject property" is located at 11733 Treadwell Drive, Poway, CA, 92064-6112 (Compl. at ¶ 3), but then lists the subject

27 property address as 11252 Willowwood Drive, San Diego, CA, 92127 (*id*. at ¶ 7). Since this latter address is the one listed in the accompanying exhibits, this Court

28 assumes the Willowwood address is correct.

nonmoving party. *Cahill v. Liberty Mut. Ins. Co.*, 80 F.3d 336, 337–38 (9th Cir. 1996). To avoid a Rule 12(b)(6) dismissal, a complaint need not contain detailed factual allegations; rather, it must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). "Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." *Id.* at 678 (quoting *Twombly*, 550 U.S. at 557) (internal quotations omitted).

"[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (quoting *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). A court need not accept "legal conclusions" as true. *Iqbal*, 556 U.S. at 678. Despite the deference the court must pay to the plaintiff's allegations, it is not proper for the court to assume that "the [plaintiff] can prove facts that [he or she] has not alleged or that defendants have violated the . . . laws in ways that have not been alleged." *Associated Gen. Contractors of Cal. v. Cal. State Council of Carpenters*, 459 U.S. 519, 526 (1983).

Generally, courts may not consider material outside the complaint when ruling on a motion to dismiss. *Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc.*, 896 F.2d 1542, 1555 n.19 (9th Cir. 1990); *Branch v. Tunnell*, 14 F.3d 449, 453 (9th Cir. 1994) (overruled on other grounds by *Galbraith v. Cnty. of Santa Clara*, 307 F.3d 1119, 1121 (9th Cir. 2002)). "However, material which is properly submitted as part of the complaint may be considered." *Hal Roach Studios, Inc.*, 896 F.2d at 1542 n.19. The court may also consider documents specifically identified in the complaint whose authenticity is not questioned by the parties.

*Fecht v. Price Co.*, 70 F.3d 1078, 1080 n.1 (9th Cir. 1995) (superseded by statute on other grounds); *see also Branch*, 14 F.3d at 453–54.  The court may consider such documents so long as they are referenced in the complaint, even if they are not physically attached to the pleading.  *Branch*, 14 F.3d at 453–54; *see also Parrino v. FHP, Inc.*, 146 F.3d 699, 706 (9th Cir. 1998) (extending rule to documents upon which the plaintiff's complaint "necessarily relies" but which are not explicitly incorporated in the complaint).  Moreover, the court may consider the full text of those documents even when the complaint quotes only selected portions.  *Fecht*, 70 F.3d at 1080 n.1.  The court also considers materials of which it takes judicial notice.  *Barron v. Reich*, 13 F.3d 1370, 1377 (9th Cir. 1994).

As a general rule, a court freely grants leave to amend a complaint it dismisses.  Fed. R. Civ. P. 15(a); *Schreiber Distrib. Co. v. Serv-Well Furniture Co.*, 806 F.2d 1393, 1401 (9th Cir. 1986).  The court may deny leave to amend, however, when "[it] determines that the allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency."  *Schreiber Distrib. Co.,* 806 F.2d at 1401 (citing *Bonanno v. Thomas*, 309 F.2d 320, 322 (9th Cir. 1962)).

## III.   DISCUSSION

### A.   The California Homeowner Bill of Rights

#### 1.   <u>Background</u>

The California Homeowner Bill of Rights ("HBOR") became effective in California on January 1, 2013.  *Carroll v. Nationstar Mortg., LLC*, No. 13cv4490, 2013 WL 3188725, at *2 (C.D. Cal. June 21, 2013).  The purpose of the act was to ensure that borrowers facing foreclosure "are considered for, and have a meaningful opportunity to obtain, available loss mitigation options, if any, offered by or through the borrower's mortgage servicer, such as loan modifications or other alternatives to foreclosure."  Cal. Civ. Code § 2923.4(a).  It was the intent of the Legislature in passing the HBOR "that the mortgage servicer offer the borrower a

loan modification or workout plan if such a modification or plan is consistent with its contractual or other authority." Cal. Civ. Code § 2923.6(b). However, "[n]othing in the act…shall be interpreted to require a particular result of that process." Cal. Civ. Code § 2923.4(a). While California Civil Code section 2923.5 requires a mortgage servicer to contact a borrower "to assess the borrower's financial situation and explore options for the borrower to avoid foreclosure" prior to recording a notice of default, "[t]here is nothing in section 2923.5 that requires the lender to rewrite or modify the loan." *Graham v. U.S. Bank, N.A.*, No. 13cv1613, 2013 WL 2285184, at * (N.D. Cal. May 23, 2013) (quoting *Mabry v. Superior Court*, 185 Cal.App.4th 208, 214 (2010)).

In relevant part, the HBOR provides that "[i]f a borrower submits a complete application for a…loan modification…, a mortgage servicer…shall not record a notice of default or notice of sale, or conduct a trustee's sale, while the complete…loan modification application is pending." Cal. Civ. Code § 2923.6(c). In other words, the mortgagor may not engage in "dual-tracking" or proceeding with foreclosure while simultaneously considering a lender's eligibility for loan modification. *See Stiles v. Wells Fargo Bank*, No. 14cv04169, 2014 WL 7146950, at *7 (N.D. Cal. Dec. 15, 2014); *Jolley v. Chase Home Finance, LLC*, 213 Cal.App.4th 872, 904-05 (2013). For an application to be deemed "complete," the borrower must have "supplied the mortgage servicer with all documents required by the mortgage servicer within the reasonable timeframes specified by the mortgage servicer." Cal. Civ. Code § 2923.6(h).

Furthermore, the HBOR provides:

> In order to minimize the risk of borrowers submitting multiple applications for…loan modifications for the purpose of delay, the mortgage servicer shall not be obligated to evaluate applications from borrowers who have already been evaluated or afforded a fair opportunity to be evaluated…unless there has been a material change in the borrower's financial circumstances since the date of the borrower's previous application and that change is documented by the

– 5 –

14cv1367

borrower and submitted to the mortgage servicer.

Cal. Civ. Code § 2923.6(g).

Finally, upon request from a borrower "who requests a foreclosure prevention alternative, the mortgage servicer shall promptly establish a single point of contact" who "shall be responsible for… [c]ommunicating the process by which a borrower may apply for an available foreclosure prevention alternative and the deadline for any required submissions to be considered for these options," and "[e]nsuring that a borrower is considered for all foreclosure prevention alternatives offered by, or through, the mortgage servicer, if any."  Cal. Civ. Code § 2923.7(a) and (b).  The single point of contact may be "an individual or team of personnel."  Cal. Civ. Code § 2923.7(e).

### 2.   <u>Analysis</u>

Plaintiff's first cause of action alleges a violation of the HBOR, claiming Defendant: (1) did not explore meaningful alternatives to foreclosure under California Civil Code section 2923.4(a); (2) engaged in dual-tracking when it noticed a trustee's sale while an application for loan modification was pending in violation of California Civil Code section 2923.6(c); (3) failed to establish a single point of contact until after the Notice of Default was recorded in 2014 in violation of California Civil Code section 2923.7(a); and (4) failed to discuss alternatives to foreclosure in violation of California Civil Code section 2923.7(b).  For the reasons set forth below, the Court finds that Plaintiff's first cause of action must be dismissed.

First, as pointed out in Defendant's moving papers, section 2923.4 does not provide a specific right or impose a specific obligation.  It merely states the general purpose of the HBOR.  Since there can be no cause of action under section 2923.4, any cause of action based on this subsection must be dismissed with prejudice.

Second, the allegations in the Complaint belie the claim that Defendant engaged in dual-tracking, as prohibited by section 2923.6(c).  According to the

1   Complaint, loan modifications were requested in February, August, and November

2   of 2013. (Compl. at ¶¶ 31, 35.)  Defendant denied all of these requests.  (*Id*. at ¶

3   37.)  Then, on or about January 14, 2014, Defendant recorded a Notice of Default

4   (*id*. at ¶ 33), and on or about January 16, 2014, Plaintiff received a Notice of

5   Trustee Sale, recorded on April 17, 2014, with a sale date set for May 5, 2014 (*id*. at

6   ¶ 34).  Thus, according to the Complaint, Defendant denied the loan modification

7   requests before proceeding with the foreclosure.

8       In their Response to the Motion to Dismiss, Plaintiffs now claim that they

9   "also applied for a loan modification" on May 5, 2014, which incidentally is the

10  same day the present Complaint alleging dual-tracking was filed.  (ECF No. 6 at pp.

11  1-2.)  This allegation is noticeably absent from the Complaint.  In addition, this

12  would be after the Notice of Default and the Notice of Trustee Sale were served and

13  recorded.  (*See* Compl. at ¶¶ 33, 34.)  Furthermore, there is no allegation that this

14  loan modification was "completed" as required under section 2923.6(h), and,

15  finally, to minimize just this type of situation, the HBOR does not require a

16  mortgage servicer to evaluate multiple loan modification requests "unless there has

17  been a material change in the borrower's financial circumstances."  Cal. Civ. Code

18  § 2923.6(g).  No such material change has been alleged.  Accordingly, Plaintiffs fail

19  to state a claim of dual-tracking.

20      Third, the allegations in the Complaint support that Defendant did establish a

21  single point of contact prior to the Notice of Default being recorded in January

22  2014.  Throughout the proceedings, Plaintiffs allege they dealt with Defendant's

23  employee, Marilyn Young.  (Compl. at ¶¶ 17, 21, 35, Exhs. B, C, E, and H.)  Ms.

24  Young was officially designated as the "point of contact" no later than October 29,

25  2013.  (*Id*. at Ex. C.)  Moreover, nothing indicates Plaintiffs did not know who to

26  contact or had difficulty reaching this point of contact.  In fact, all the allegations

27  are that Defendant responded to Plaintiffs' inquiries and provided contact

28  information at every opportunity.  Thus, the Court finds Plaintiffs fail to state a

1   claim under the HBOR premised on Defendant failing to establish a single point of

2   contact in violation of California Civil Code section 2923.7(a).

3         Finally, Plaintiffs allege that Defendant's point of contact failed to discuss

4   alternatives to foreclosure and that "[i]ndependent review shows that Plaintiffs

5   qualified for a loan modification." (Compl. at ¶ 38 and pp. 5-6.)   However, the

6   Complaint alleges that alternatives to foreclosure were discussed and pursued as

7   early as mid-2013.   (*See* Compl. at ¶¶ 14-29, 35, Exs. C, E.)   In addition, while

8   Section 2923.7 makes the "point of contact" responsible for "[e]nsuring that a

9   borrower is considered for all foreclosure prevention alternatives offered by, or

10   through, the mortgage servicer, if any," there is no allegation to support the

11   contention that Defendant failed to ensure that Plaintiffs were considered for all

12   available foreclosure prevention alternatives.   *See* Cal. Civ. Code § 2923.7(b)(4).

13   Simply alleging that "independent review" showed Plaintiffs were entitled to a loan

14   modification, without alleging by whom and what this independent review was or

15   how Defendant failed to follow it is not sufficient to pass muster under Rule

16   12(b)(6).   Plaintiffs' first cause of action alleging a violation of the HBOR is,

17   therefore, dismissed with leave to amend.

18         **B.**   **Unfair Competition Law and Declaratory and Injunctive Relief**

19         Since Plaintiffs fail to state a cause of action under the HBOR, the second

20   and third causes of action for unfair business practices in violation of the UCL and

21   for declaratory and injunctive relief must also be dismissed.   *See Walker v.*

22   *Countrywide Home Loans, Inc.*, 98 Cal.App.4th 1158, 1170 (2002) (the UCL

23   "creates an independent action when a business practice violates some other law");

24   *Krantz v. BT Visual Images, LLC*, 89 Cal.App.4th 164, 178 (2001) (a claim "for

25   relief under the unfair competition law…stand[s] or fall[s] depending on the fate of

26   the antecedent substantive cause[] of action."); *McDowell v. Watson*, 59

27   Cal.App.4th 1155, 1159 (1997) ("Injunctive relief is a remedy and not, in itself, a

28   cause of action.") (quotations and citation omitted).

1  **IV.    CONCLUSION**

2      For the foregoing reasons, Defendant's Motion to Dismiss (ECF No. 5) is

3  **GRANTED**, with leave to amend.   If Plaintiffs choose to file an amended

4  complaint, they must do so no later than <u>March 9, 2015</u>.

5      **IT IS SO ORDERED.**

6

7  **DATED:  January 28, 2015**

8                                          Hon. Cynthia Bashant
                                           United States District Judge
9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28